```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

John E. Rahl, and d/b/a         :
The Wallkill Valley Railroad    :
Company, and John E. Rahl,      :
95% Stockholder of the          :
Wallkill Valley Railroad        :
Company (1866),                 :
               Plaintiff,       :   File No. 1:09-CV-126
                                :
New York Telephone Company,     :
d/b/a Verizon, Nynex and        :
Bell Atlantic Telephone         :
Companies,                      :
               Defendants.      :
```

## OPINION AND ORDER
(Paper 7)

Plaintiff John Rahl brings this action claiming breach of contract and other wrongful acts by the defendants. Among the motions now pending before the Court is the defendants' motion to transfer venue. Because there is no relationship between the facts of this case and the District of Vermont, the motion to transfer is GRANTED.

## Factual Background

The complaint alleges that plaintiff John Rahl purchased The Wallkill Valley Railroad Company ("Railroad") from Conrail in June 1986. The Railroad appears to extend 10.98 miles in Ulster County, New York. Rahl is alleged to be a 95% stockholder in the Railroad, and as well as its President. He is a resident of Rosendale, New York.

In 1992, Rahl entered into a contract with the defendants for "line crossings" and "facilities" consisting of "copper wire,

guy wire and buried conduit for copper wire." (Paper 1 at 2). In 1998, defendants' counsel negotiated an additional line crossing for fiber optic cable in Rosendale. The complaint alleges that this latter line crossing was to be used for non-commercial purposes only.

In 1997, Rahl received a letter from an attorney for the defendants seeking payment on a past-due account. Rahl responded by indicating that the defendants owed him a far greater sum, and that he would apply the amount he owed as an offset. He also notified the defendants that they were in breach of their agreements "for all line crossings." Id. at 3.

The defendants ultimately terminated Rahl's telephone and internet service. Rahl maintains that they are in breach of contract. Specifically, he claims that they are using fiber optic cable for commercial purposes, that the fiber optic cable was laid illegally, and that he is entitled to "5% of the gross revenue generated from all line crossings" and "for treble damages and franchise fees owed the Plaintiff for all past breaches . . . ." Id. at 7.

Rahl's legal claims sound in breach of contract and violations of this property rights. He brings his claims under the federal and New York Constitutions, as well as New York railroad law.

<u>Discussion</u>

The defendants have filed a motion to dismiss for lack of subject matter jurisdiction and, in the alternative, a motion to transfer venue to the Northern District of New York.  On the question of subject matter jurisdiction, Rahl asserts jurisdiction under 28 U.S.C. §§ 1331 and 1337.  While § 1331 allows for jurisdiction when a "federal question" is presented, § 1337 provides original jurisdiction when an action "arises under" an "Act of Congress regulating commerce."

The defendants argue that Rahl has "not sufficiently pled" a federal claim because his constitutional claims are brought against private actors.  Rahl responds that constitutional violations are "the gravamen of the complaint in that the defendant[s] did more than breach the contract.  Defendant[s] acted under color of law in concert with the State of New York, its subdivisions, New York Thruway Authority, and others." (Paper 10 at 2).  For support, he directs the Court to a deposition transcript which, among other things, references communications between Bell Atlantic Telephone and the New York Thruway Authority.  (Paper 2-8 at 28-34).  Notwithstanding Rahl's supplemental claims, the defendants maintain that his "vague references to factual materials . . . fall short of the heightened pleading standard of <u>Bell Atlantic Corp. v. Twombly</u>[, 550 U.S. 544, 555 (2007)]."  (Paper 13 at 2).

3

Given Rahl's recent allegations of state involvement, together with his status as a *pro se* litigant, it may be necessary to grant him leave to amend his complaint to show federal subject matter jurisdiction. See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). Furthermore, if Rahl is able to adequately plead his constitutional claims, discovery on those claims might be necessary to determine whether a valid federal claim is, in fact, present in this case.

While resolution of the question of subject matter jurisdiction may require additional filings and perhaps even discovery, what is immediately apparent is that venue in this case is improper. Under 28 U.S.C. § 1404(a), a district court has the power to transfer a case "for the convenience of the parties and witnesses, in the interest of justice," using its discretion to determine convenience in each particular case. In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992). "[T]he purpose of [28 U.S.C. § 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 21

4

(1960)). The factors to consider in evaluating convenience and justice are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).

Here, the only factor weighing against a transfer is the plaintiff's choice of forum.  This factor is accorded little weight, however, when the plaintiff does not reside in the district.  Mattel, Inc. v. Procount Bus. Serv., 2004 WL 502190, at *5 (S.D.N.Y. Mar. 10, 2004).  Indeed, there are no facts connecting this case to the State of Vermont.  The contracts in question were entered into by New York actors in the State of New York.  The property in question is in New York.  To the extent the defendants were acting in concert with a state, as Rahl claims, it was the State of New York.

Rahl has been involved in previous litigation in New York's federal district courts.  His filings reference a bankruptcy action in the Northern District of New York, and the defendants cite another action in the Southern District of New York.  This latter case was dismissed without prejudice for improper

5

designation of venue.  John Rahl v. County of Ulster, No. 09-CV-3978 (S.D.N.Y. May 15, 2009).

In his opposition to the defendants' motion to transfer, Rahl states that he would "not have come to Vermont if there had been a 'level playing field' in the Northern District of New York."  (Paper 10 at 5).  Accordingly, his choice of venue constitutes forum shopping in its purest form.  "Where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight whatever, and the transfer of venue is appropriate."  Pierce v. Coughlin, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) (internal quotation marks and citation omitted).

The Supreme Court has held that when considering disposal of a case under *forum non conveniens*, "[a] district court [ ] may dispose of an action by . . . dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 432 (2007).[1]  "[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens*

---

[1] The Sinochem Court noted that the common-law doctrine of *forum non conveniens* has been codified "for the federal-court system" in 28 U.S.C. §§ 1404(a) and 1406(a). Id. at 430.

considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." Id. at 436.  This is just such a case, as there is no doubt that venue does not belong in Vermont.  The defendants' motion to transfer the case to the Northern District of New York is, therefore, GRANTED.

Conclusion

For the reasons set forth above, the defendants' motion to transfer venue (Paper 7) is GRANTED, and this case is TRANSFERRED to the United States District Court for the Northern District of New York.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of September, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge