**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN E. RAHL,** individually and as 95% stockholder of the Wallkill Valley Railroad Company (1866) d/b/a Wallkill Valley Railroad Company,

                    **Plaintiff,**　　　　　　1:09-cv-1165
　　　　　　　　　　　　　　　　　　　　　　　　(GLS\DRH)
                  **v.**

**NEW YORK TELEPHONE COMPANY,** d/b/a **VERIZON,** d/b/a **BELL ATLANTIC TELEPHONE COMPANIES,** d/b/a **NYNEX,**

                    **Defendant.**
_____

**APPEARANCES:**　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
John E. Rahl
Pro Se
6 Fairview Avenue
P.O. Box 460
Rosendale, NY 12472

**FOR THE DEFENDANT:**
Phillips, Lytle Law Firm　　　　　MARC H. GOLDBERG, ESQ.
Omni Plaza
30 South Pearl Street
Albany, NY 12207

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

Plaintiff John Rahl commenced this action against Verizon, alleging breach of contract, trespass, and violations of property rights protected by various provisions of the United States Constitution, New York State Constitution, and New York Railroad Law. (*See* Compl., Dkt. No. 1.) On August 24, 2010, the court granted Verizon's motion to dismiss Rahl's claims, but granted Rahl limited leave to file an amended complaint to assert a justiciable takings claim. (*See* Aug. 24, 2010 Order at 11-15, Dkt. No. 30.) In apparent disregard of the court's findings and limiting language, Rahl filed an amended complaint in which he, inter alia, added defendants John Doe 1 through 10, resubmitted all of his causes of action under additional factual allegations, and failed to set forth any allegations demonstrating a ripe takings claim. (*Compare* Compl., Dkt. No. 1, *with* Am. Compl., Dkt. No. 32.) Pending is defendant Verizon's motion to strike Rahl's amended complaint for failure to comply with the court's order, and dismiss the action. (Dkt. No. 33.) Based on the court's prior findings, which Rahl's new allegations fail to overcome,[1] and in light of Rahl's failure

---

[1] To the extent Rahl is now attempting to assert a cause of action under the civil RICO statute pursuant to 18 U.S.C. § 1964, (*see* Am. Compl. ¶16, Dkt. No. 32), he has offered no allegations to support such a

2

to allege a justiciable takings claim,[2] Verizon's motion to strike and dismiss is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Verizon's motion to strike and dismiss (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that Rahl's amended complaint (Dkt. No. 32) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

---

claim. Regardless, Rahl concedes in his opposition papers that his claims remain the same, that is breach of contract, trespass, a scheme to defraud, and, presumably, an unlawful taking. (*See* Pl. Resp. Mem. of Law at 1-2, Dkt. No. 38.)

[2]Rahl does allege that he "has filings with the ICC [Interstate Commerce Commission] (now STB [Surface Transportation Board]) including a NEPA [National Environmental Policy Act] review. The State of New York and all appropriate state and federal agencies were noticed. The State of New York did not object to Wallkill's existence to the ICC." (Am. Compl. ¶ 34, Dkt. No. 32.) However, this allegation fails to even arguably suggest that Rahl has exhausted his available state remedies, and it is therefore insufficient to vest this court with jurisdiction over his claims.

3

May 6, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge

4